**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

EDWARD LONDON,

                          Plaintiff,

    v.

CHARLES DANIELS, *et al.*,

                       Defendants.

Case No. 3:20-CV-0284-MMD-CLB

**ORDER GRANTING MOTION
TO COMPEL**

[ECF No. 26]

Before the Court is Defendants' motion to compel. (ECF No. 26.) Plaintiff Edward London ("London") failed to file an opposition. The motion is granted as stated below.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

London is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On May 13, 2020, London filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while London was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 8.) On March 9, 2021, the District Court entered a screening order on London's complaint, allowing London to proceed on an Eighth Amendment excessive force claim against Defendants Skyler Sheeks ("Sheeks") and Luis Sencion-Gonzalez ("Gonzalez") (collectively "Defendants"). (ECF No. 7.)

Defendants answered the complaint on September 7, 2021. (ECF No. 17.) Thereafter, the Court entered a Discovery Plan and Scheduling Order setting discovery cut-off on April 4, 2022. (ECF No. 22.)

On March 4, 2022, Sheeks properly served London with 14 interrogatories and 17 requests for admission related to his claims. (ECF No. 26-2, 26-3.) London was required to respond to the interrogatories and requests for admission by no later than April 4, 2022. Fed. R. Civ. P. 33(b)(2) and 36(a)(3). The attorney for Defendants, Deputy Attorney General Ginn, set an appointment with London to "meet and confer" on April 14, 2022. (ECF No. 26-1.) London stated at the meet and confer that he had not completed the

discovery responses. (*Id.*) The result of the meet and confer was an agreement that defense counsel would not file a motion to compel until April 19, 2022 to allow London an opportunity to provide answers to the propounded discovery. (*Id.*) London did not serve responses. (*Id.*)

Thereafter, on April 19, 2022, Defendants filed a motion to compel London to answer the interrogatories and deem the requests for admission admitted. (ECF No. 26.) No opposition to the motion was filed.

## II.     LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL

4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## III.    DISCUSSION

### A.    Meet and Confer and Compliance with LR 26-6(b)

Discovery motions will not be considered unless the movant: (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion; and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request. LR 26-6(b), (c). Defendants conducted a meet and confer with London on April 14, 2022 with respect to his lack of response to the discovery requests. (ECF No. 26-1.) Defense counsel included a declaration in accordance with LR 26-6(c) which set forth the agreement that counsel would wait until April 19, 2022 to file a motion to compel to allow London to answer the discovery requests. (*Id.*)

### B.    Interrogatories Propounded by Defendant Sheeks

London was properly served with Sheek's interrogatories on March 4, 2022. (ECF

No. 26-2.) Pursuant the Federal Rules of Civil Procedure, a party that receives properly served interrogatories <u>must</u> answer the interrogatories to the extent they are not objectionable "separately and fulling in writing" within "30 days." Fed. R. Civ. P. 33(b)(3), 33(b)(2). Moreover, if the interrogatory is objectionable, the receiving party must state their objection with specificity in their response. Fed. R. Civ. P. 33(b)(4). London's failure to oppose the motion to compel constitutes a consent to the granting of the motion. LR 7-2(d). As London was properly served with the interrogatories and he failed to oppose the motion in any way, Defendants motion to compel is granted and London is explicitly ordered to respond to the interrogatories propounded by Sheeks within 15 days from the date of this order.

Sheeks is cautioned that if he fails to fully and completely answer the interrogatories propounded by Sheeks as required by the rules, this Court may impose sanctions up to and including dismissing this action, in whole or, in part. Fed. R. Civ. P. 37(b)(2)(v).

### C.    Requests for Admission Propounded by Sheeks

London was properly served with Sheek's requests for admission on March 4, 2022. (ECF No. 26-3.) Pursuant the Federal Rules of Civil Procedure, "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed served on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). At the meet and confer, London was provided additional time to provide answers to the requests for admission and failed to do so. (ECF No. 26-1.) Moreover, London failed to file any opposition to the current motion. London's failure to oppose the motion to compel constitutes a consent to the granting of the motion. LR 7-2(d). Therefore, Defendants motion to compel is granted and Sheeks propounded requests for admission are deemed admitted.

///

///

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion to compel is **GRANTED**. (ECF No. 26.) London shall answer the 14 interrogatories propounded by Sheeks, (ECF No. 26 at 2), on or before May 27, 2022. Sheeks's 17 requests for admission are deemed admitted. (ECF No. 26-3.)

**DATED**: ___May 12, 2022___.

_____
**UNITED STATES MAGISTRATE JUDGE**